ROCCO FLAZZOLA, Appellant, *v.* JOHN LUPPO, Defendant, and CONSTANCE JEKA, Intervener, Respondent.

First Department, April 20, 1954.

*Arnold Davis* of counsel (*Jerome Perlmutter,* attorney), for appellant.

*Nathaniel Casden* for intervener, respondent.

*Per Curiam.* On April 5, 1951, after filing a judgment against defendant, appellant secured a garnishment order from a justice of the Supreme Court directed against the earnings and salary of defendant. This order was delivered to the Sheriff and execution was filed with defendant's employer; and for over two years under such execution certain sums were deducted regularly from defendant's earnings and paid over to appellant. The garnishment order was a judge's order, and was not filed with the County Clerk.

On July 21, 1953, respondent, after entering a judgment in the Municipal Court, procured and filed a garnishment order in the Municipal Court, and shortly thereafter execution thereunder was presented to defendant's employer. On this state of facts respondent moved at Special Term to vacate appellant's order and execution for appellant's failure to file same. This motion was granted to the extent of granting a preference to respondent's garnishment order and execution as though they had been filed prior in time to the date of appellant's order and execution. A cross motion by appellant for leave to file his garnishment order *nunc pro tunc* as of April 5, 1951, was denied.

Section 684 of the Civil Practice Act sets forth in some detail the statutory procedure for levying upon the earnings or income of a judgment debtor. It provides, among other things, for ex parte application for an order directing that execution issue against earnings or income of the judgment debtor; for the presentation of such execution to the judgment debtor's employer; that the levy shall be a continuing one until execution and expenses thereof are fully satisfied; and that where more than one execution shall be issued against the same judgment debtor "they shall be satisfied in the order of priority in which said executions are presented" to — in this case — the judgment debtor's employer. No explicit provision is made for filing the order directing that execution issue against such earnings or income; and since appellant's order in this case was a judge's order, we hold that there was no requirement that it be filed in order to give validity to the execution issued thereunder.

There is no dispute, on the record before us, as to the *bona fides* of appellant's judgment. Accordingly, that branch of the

order granting a preference to respondent's garnishment order and execution should be reversed and denied. Since the cross motion to file appellant's order *nunc pro tunc* is thus rendered moot, the order should be otherwise affirmed.

DORE, J. P., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.